29 F.3d 630
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard BLAIR and Clyde Robinson, et al., Plaintiffs-Appellants,
v.
RMC LONESTAR, Confidential Management Services, and Satish
H. Sheth, Defendants-Appellees.
 No. 93-15189.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 11, 1994.
Decided June 28, 1994.
 
 Before: CHOY, POOLE, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard Blair and Clyde Robinson appeal the district court's grant of summary judgment on their various state law tort claims against their former employer. The district court concluded that all of their claims were preempted by Sec. 301 of the National Labor Relations Act ("NLRA"). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Blair and Robinson first contend that the district court erred by refusing to admit seven declarations from individuals other than Blair and Robinson submitted in opposition to the motion for summary judgment. We disagree.
 
 
 4
 Appellants' argument misunderstands the procedural posture of this case. The declarations in question were not submitted as evidence which the district court had to decide to admit or exclude. They were submitted in response to a motion for summary judgment, and were to be considered by the district court to the extent that they were relevant. In fact, the district court did consider them, admitting that "when I read the totality of these declarations, it seems to me that either Lonestar or its investigators were pretty heavy-handed." Transcript 12/11/92 at 9. It simply gave them little weight because they were irrelevant to the issues before the court: "I don't see that I can consider any of these declarations, other than the declaration of Mr. Blair, because the other declarations don't talk about what happened to Glenn [sic] Robinson." Transcript 12/11/92 at 3.
 
 
 5
 In response, Blair and Robinson identify three ways in which the additional declarations were relevant to their claims: 1) as corroboration of their allegations, 2) as proof of defendants' intent to commit acts exceeding the collective bargaining agreement's ("CBA") scope of authorization, and 3) as proof of defendants' habit of harassing employees and conducting investigations in a particular fashion.
 
 
 6
 Once again, these contentions reflect a misunderstanding of the posture of this case. The district court was deciding the defendants' summary judgment motion. In the course of this decision, it was required to draw all inferences in favor of plaintiffs and was forbidden from making any credibility determinations. Musick v. Burke, 913 F.2d 1390, 1394 (9th Cir.1990). The first alleged purpose for the declarations therefore did not apply; any corroboration of Blair and Robinson's allegations the declarations provided was irrelevant, because Blair's declaration had to be taken as true, as it clearly was. The last alleged purpose was similarly irrelevant at this stage. While it is true evidence of habit may be used to show conduct in conformity therewith on a particular occasion, Judge Legge did not doubt Blair's version of what happened on this particular occasion. Nor did he doubt Robinson's allegations in the complaint for the purposes of his decision, unsupported as they were by any declaration.
 
 
 7
 The second alleged purpose was also irrelevant to the issue before the district court. State claims are preempted under Sec. 301 when "application [of state law] requires the interpretation of a collective bargaining agreement." Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 413 (1988). On the other hand, "[i]f the state law claim can be resolved without interpreting the agreement, the claim is independent of the agreement for Sec. 301 purposes." Ackerman v. Western Elec. Co., 860 F.2d 1514, 1517 (9th Cir.1988); Lingle, 486 U.S. at 410. The summary judgment motion contended that each of Robinson and Blair's claims required an interpretation of the CBA. The district court's preemption analysis thus required a comparison of the actions complained of and the terms of the CBA. Whatever general intent to commit acts unauthorized by the CBA the defendants might have possessed, that intent had no bearing on the analysis of Blair and Robinson's claims.
 
 
 8
 We conclude that the district court did not err in its treatment of plaintiffs' declarations.
 
 II
 
 9
 Blair and Robinson also contend that Judge Legge erred by considering RMC's summary judgment motion before addressing the class aspects of their case.
 
 
 10
 Blair and Robinson cite no authority holding that the district court was required to deal with class issues before ruling on the summary judgment motion pending before it. It appears that neither this circuit, nor any other, has ever so held. Nevertheless, Blair and Robinson contend that the district court erred because its decision resulted in it failing to consider the additional declarations submitted in opposition to the motion for summary judgment. As noted above, this misconstrues the record; the district court did consider these declarations, but properly found them irrelevant to the issue before it.
 
 
 11
 Nor would the district court's considering class issues first have made any difference. Under both state and federal class action law, Blair and Robinson would have had to show their claims or defenses were typical of those of the proposed class. Fed.R.Civ.P. 23(a)(3); Richmond v. Dart Industr., Inc., 29 Cal.3d 462, 470, 174 Cal.Rptr. 515 (1981); Reyes v. San Diego County Bd. of Supervisors, 196 Cal.App.3d 1263, 1271, 242 Cal.Rptr. 339 (1987). If Blair and Robinson's claims were subject to unique defenses, class certification should not have been granted because their claims would have failed the typicality requirement. Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir.1992).
 
 
 12
 This means that whether the district court considered the individual claims or the class aspects first, the result would have been the same. If it considered the individual claims first, it could conclude they were preempted and dismiss the action. If it considered the class aspects first, it would still need to determine whether Blair and Robinson's claims were typical of the class. If their own claims were preempted, then either 1) their claims were atypical and they could not represent the class, or 2) their claims were typical because others' claims were also preempted. Either way, the consideration of class allegations could not save Blair and Robinson.
 
 
 13
 We find no error in the district court's decision to address RMC's summary judgment motion before considering class certification.
 
 III
 
 14
 Finally, Blair and Robinson argue that because the district court failed to adequately consider the non-party declarations, it erred in finding Blair and Robinson's claims preempted.
 
 
 15
 As we have previously discussed, the district court acted properly in declining to give additional consideration to these additional declarations, which were irrelevant to the preemption analysis of Blair and Robinson's claims.
 
 
 16
 Nothing in Blair and Robinson's Opening Brief can be read to challenge the correctness of the district court's preemption decision insofar as it was based solely on the complaint and Richard Blair's declaration. We therefore decline to consider this issue.[1]
 
 IV
 
 17
 We conclude that the district court did not err in refusing to give further consideration to declarations submitted by plaintiffs which did not address defendants' conduct toward the plaintiffs. Nor did the district court err in addressing defendants' summary judgment motion before resolving any class issues this case may have raised. For the foregoing reasons, we affirm the judgment of the district court.
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Appellants' Reply Brief could be fairly read to argue that Richard Blair's declaration was itself sufficient to establish no preemption, see Reply Brief at 4-9, we consider the argument waived and decline to consider it. See Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 924 (9th Cir.1988)